1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES L. JEFFERSON,** ) | **NO. EDCV 20-1158-JVS (KS)** |
| **Plaintiff,** ) | |
| ) | **MEMORANDUM AND ORDER** |
| **v.** ) | **DISMISSING FIRST AMENDED** |
| ) | **COMPLAINT WITH LEAVE** |
| ) | **TO AMEND** |
| **C/O CABRAL, et al,** ) | |
| ) | |
| **Defendant.** ) | |
| ——————————————— ) | |

## I.    INTRODUCTION

On June 16, 2020, Plaintiff, a California state prisoner who is proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint ("Complaint").  (Dkt. No. 3.)  On June 19, 2020, the Court dismissed the Complaint for failure to state a claim upon which relief could be granted and ordered Plaintiff to correct the defects and file a First Amended Complaint.  (Dkt. No. 8.)  On August 24, 2020, Plaintiff filed a First Amended Complaint (the "FAC").  (Dkt. No. 20.)

In civil rights actions brought by prisoners, Congress requires district courts to dismiss the complaint if the court determines that the complaint, or any portion thereof:  (1) is frivolous

1

or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.[1]  *See* 28 U.S.C.A. § 1915A.

In determining whether a complaint should be dismissed at screening, the Court applies the standard of Federal Rule of Civil Procedure 12(b)(6):  "[a] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).  Thus, the plaintiff's factual allegations must be sufficient for the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

When a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (citations and internal quotation marks omitted)).  In giving liberal interpretation to a *pro se* complaint, however, the court may not supply essential elements of a claim that were not initially pled, *Byrd v. Maricopa County Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011), and the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of

---

[1]     Even when a plaintiff is neither a prisoner nor proceeding *in forma pauperis*, Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a trial court to dismiss a claim *sua sponte* and without notice "where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (same); *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (*per curiam*) (adopting Ninth Circuit's position in *Omar* and noting that in such circumstances a *sua sponte* dismissal "is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources").

fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

If the court finds that a *pro se* complaint fails to state a claim, the court must give the *pro se* litigant leave to amend the complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*, 698 F.3d at 1212 (internal quotation marks omitted); *Lira v. Herrera*, 427 F.3d 1164, 1176 (9th Cir. 2005). However, if amendment of the pleading would be futile, leave to amend may be denied. *See Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of a motion for leave to amend,' *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), [a]nd the district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend.").

For the following reasons, the Court finds that the FAC fails to state a cognizable claim for relief and must be dismissed.[2]  However, leave to amend is granted.

## II.   ALLEGATIONS

### A. Allegations of The Complaint

In the original Complaint, Plaintiff sued the following individuals, all of whom work at the California Institution for Men ("CIM") in Chino California:  Correctional Officer ("C/O") Cabral, in his individual capacity; Food Supervisor Todd Lolacono, capacity not specified; and Dr. Olson, capacity not specified.  (Complaint at 3.)  The Complaint stated that Defendants Cabral and Lolacono violated Plaintiff's rights under the Eighth Amendment to the U.S. Constitution and the Americans with Disabilities Act.  (Complaint at 3.)

---

[2]    Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge.  *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

The Complaint alleged that Defendant Cabral sexually harassed Plaintiff, who identifies as transgender and uses the pronouns "she/her/hers," by asking her to be his girlfriend. (Complaint at 5.)  Plaintiff reported Defendant Cabral, who then retaliated with threats to "set [Plaintiff] up with weapons and beat her up."  (Complaint at 5.)  The Complaint asserted that, at one point, "the Defendant" got inmates to burn Plaintiff's arm.  (Complaint at 5.)  The Complaint asserted that Defendant Cabral also posted the words "faggs" and "ape" above Plaintiff's name, causing other inmates to attack her.  (Complaint at 5.)  The Complaint asserted that "both Defendants" threatened to "do something to the Plaintiff if she continued to file paperwork on them."  (Complaint at 6.)

**B.  Allegations Of The FAC**

In the FAC, Plaintiff left the spaces on the form complaint for the name of each defendant blank.  (FAC at 18-19.)[3]  Elsewhere, however, Plaintiff states that she intends for the sole defendant to be C/O "Cabriel," without indicating whether she intends to sue Defendant "Cabriel" in his individual and/or official capacity.  (FAC at 4) (errors in original). The FAC confusingly refers to Defendant both as Correctional Officer "Cabriel" and Correctional Officer "Cabral."  (*See* FAC.)

The FAC states that Plaintiff "is a transgender" and "a victim of [Defendant's] manipulation and hate crime." (FAC at 20) (errors in original).  The FAC states that Plaintiff's rights under the Eighth Amendment to the U.S. Constitution have been violated.  (*See* FAC at 20.)  It states, "Defendants [sic]. . . wanted the plaintiff and another transgender to fight in front of him, there was investigation where the appeal on the 2nd level partial granted."  (FAC at 20) (errors in original).  Additionally, the FAC asserts that, on January 9 of an unspecified year, C/O Cabriel accessed Plaintiff's medical records and showed them to kitchen workers,

---

[3]     For ease of reference, the Court cites to the FAC and its attachments as though they formed a single, consecutively paginated document.

thereby creating a hostile environment for Plaintiff that led Plaintiff to suffer a nervous breakdown and seek treatment with Dr. Olsen." (FAC at 20.) The FAC asserts that Plaintiff was called "ape, faggots, and it was printed next to [Plaintiff's name] for the entire show hall can see it." (FAC at 20) (errors in original). Plaintiff attached to the FAC a copy of the prison culinary assignments sheet for March 6 and 9, 2020, on which the words "ape" and "faggot" are handwritten above Plaintiff's name. (FAC at 11-12.) Plaintiff states that her "rights to work" were violated by emotional abuse from "the defendant." (FAC at 21.) The FAC further asserts that, after an investigation started, "the defendant ask the plaintiff to be his girlfriend, which the plaintiff reported the American Disability (ADA) is also considered people with life threatened disease and that are triple CCMMS." (FAC at 20) (errors in original). Finally, the FAC asserts that Plaintiff's mail is being opened "and delayed from the Court" in violation of her rights under the First and Fourteenth Amendments to the U.S. Constitution. (FAC at 6.)

Plaintiff attached to the FAC numerous prison grievance and appeals documents. These grievances indicate that Plaintiff complained to prison authorities that Defendant "gave an inmate permission to fight [Plaintiff]" (FAC at 3, 7), Defendant allowed "the Clerk to tell and show all the workers [Plaintiff's] health records" (FAC at 14, 16), and Plaintiff was "attack[ed], push[ed], and called sexual slurs" (FAC at 14).

Based on the foregoing allegations, Plaintiff seeks damages. (FAC at 21.)

### III.   DISCUSSION

**A.   The Complaint Violates Rule 8 of the Federal Rules of Civil Procedure.**

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See also McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (describing Rule 8 as requiring

"simplicity, directness, and clarity").  Although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  Moreover, Rule 8 can be violated both by a pleading saying too little and by a pleading that says too much—that is, a pleading that is prolix and confusing. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citations omitted); *see also United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1059 (9th Cir. 2011) ("[D]istrict courts are busy enough without having to penetrate a tome approaching the magnitude of War and Peace to discern a plaintiff's claims and allegations.").  Ultimately, a complaint violates Rule 8 if a defendant would have difficulty understanding and responding to it, *United States ex rel. Cafasso*, 637 F.3d at 1059, and, therefore, a complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, for what relief, and on what theory." *McHenry*, 84 F.3d at 1178.

Here, the Complaint violates Rule 8 because it is difficult for a reader to discern the number and nature of Plaintiff's claims and to determine whether Plaintiff intends to sue a Correctional Officer Cabral or a Correctional Officer Cabriel.  The Complaint asserts numerous potential violations of rights under federal law, including constitutional violations relating to the opening of his mail and a possible violation of the Americans with Disabilities Act (the "ADA").  The FAC also asserts that Defendant either permitted other inmates to see, or himself revealed to other inmates, Plaintiff's medical records, but it is unclear whether Plaintiff is using these factual allegations to assert a privacy violation under state or federal law and/or a deliberate indifference claim under the Eighth Amendment.  To the extent Plaintiff intends to assert the latter, her claim must fail because she has not alleged any facts from which a reader can infer that Defendant knew that, by showing the records to other

inmates, he placed Plaintiff at a substantial risk of serious harm. *See Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

The FAC also includes a possible Eighth Amendment claim that Defendant "wanted plaintiff and another transgender to fight in front of him," but the FAC is devoid of any allegations that Defendant actually forced or instigated a fight and thereby placed Plaintiff at a substantial risk of serious harm by another inmate. Finally, there are numerous allegations that Plaintiff was subjected to name-calling by other inmates, including the use of racist and homophobic slurs. It is unclear what type of claim Plaintiff is asserting in connection with these allegations, but the courts have long held that mere verbal abuse—even when it is a prison guard, as opposed to a fellow inmate, using racist slurs to harass an inmate—does not amount of a constitutional violation. *See, e.g., Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir.1997) (prison guards' use of abusive language directed at inmate's religious and ethnic background did not give rise to a constitutional claim); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Hoptowit v. Ray*, 682 F.2d 1237, 1252 (9th Cir. 1982) (federal court cannot order guards to refrain from using racial slurs to harass prisoners); *Horton v. Billingsley*, No. 518CV1951RGKGJS, 2019 WL 7630863, at *4 (C.D. Cal. Dec. 3, 2019) ("sexual harassment even when accompanied by a brief inappropriate touch from a correctional official does not give rise to a federal cause of action"), report and recommendation adopted, No. 518CV1951RGKGJS, 2020 WL 362634 (C.D. Cal. Jan. 20, 2020); *Morgan v. Halbeisen*, No. CV 12-3594-PA MAN, 2013 WL 1703063, at *2 (C.D. Cal. Mar. 13, 2013) ("comments, by themselves, do not implicate the Constitution"), report and recommendation adopted, No. CV 12-3594-PA MAN, 2013 WL 1703043 (C.D. Cal. Apr. 18, 2013); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (a naked threat of future harm cannot give rise to a constitutional claim).

7

In sum, the Court cannot determine whether the individual being sued is Correctional Officer "Cabral" or "Cabriel," how many claims Plaintiff is asserting against Defendant, and the legal theories and facts underpinning each of Defendant's claims for damages. *Cf. McHenry*, 84 F.3d at 1178 (a complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, for what relief, and on what theory"). As a result, a defendant would have difficulty understanding and responding to the FAC. *United States ex rel. Cafasso*, 637 F.3d at 1059. Therefore, the FAC must be dismissed, but, in the interests of justice, Plaintiff is granted one more opportunity to amend. If Plaintiff elects to file a Second Amended Complaint, she shall clearly identify: (1) the defendants she is suing; (2) the capacity in which she is suing each defendant; (3) the number of claims she is asserting; and (4) the legal theory and facts underpinning each of those claims, without also asserting other irrelevant factual allegations that could be construed as potential claims.

**B.    The FAC Asserts Claims Barred by the Court's Prior Order.**

The FAC appears to assert claims for relief that were not raised in the original complaint, most notably claims concerning the opening and delaying of Plaintiff's legal mail. These claims are based on legal theories that are different from the legal theories underpinning Plaintiff's claims in the original complaint (deliberate indifference to an inmate's safety) and are based on a set of facts and events that are different from—and appear to postdate—the facts and events at issue in the original complaint. *Cf.* FED. R. CIV. P. 20(a)(2) ("persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action"). By adding new allegations that are not reasonably related to the claims asserted in the original complaint, Plaintiff flouted the Court's June 19, 2020 Order, which stated: "**Plaintiff shall not include new defendants or new**

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**allegations that are not reasonably related to the claims asserted in the original complaint.**"[4]  (Dkt. No. 8); *cf.* FED. R. CIV. P. 41(b) (permitting dismissal when a litigant fails to comply with a court order).  Accordingly, Plaintiff's claims concerning her legal mail are dismissed without prejudice and should be omitted from any Second Amended Complaint.

## IV.    CONCLUSION

For the reasons stated above, the FAC is dismissed with leave to amend.  If Plaintiff still wishes to pursue this action, she is granted **twenty-one (21) days** from the date of this Memorandum and Order within which to file a Second Amended Complaint.  In any amended complaint, Plaintiff shall cure the defects described above.

**Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original complaint.**  Further, the Second Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Second Amended Complaint" and the case number assigned to this action.  **It shall not refer to, or rely on, the FAC or any other prior pleadings**, and claims and defendants that are not expressly included in the Second Amended Complaint shall be deemed abandoned.

In any amended complaint, Plaintiff shall clearly identify (1) the defendants she is suing; (2) the capacity in which she is suing each defendant; (3) the number of claims she is asserting; and (4) the legal theory and facts underpinning of those claims, without also including irrelevant factual allegations or references to inapplicable statutes or constitutional provisions. Plaintiff shall omit any claims concerning the opening and delaying of her legal mail.

---

[4]     The Order also warned Plaintiff that his failure to comply could result in a recommendation of dismissal.

9

In any amended complaint, Plaintiff shall make clear the nature and grounds for each claim, specifically identify the defendants she maintains are liable for that claim, and clearly and concisely explain the factual and legal basis for their liability. **Plaintiff must provide sufficient factual allegations to support a plausible inference that all of the elements for each cause of action asserted are satisfied.[5]  Plaintiff may not rely on conclusory allegations and formulaic recitations of applicable law.**

Plaintiff is also strongly encouraged to utilize the Central District's standard civil rights complaint form when filing any amended complaint, to answer each of the questions on the civil rights complaint, and then to use additional pages only if necessary to articulate specific facts that support a plausible inference that the elements of each cause of action are satisfied.

**Plaintiff's failure to timely comply with this Order may result in a recommendation of dismissal.  If Plaintiff no longer wishes to pursue this action, in whole or in part, she may voluntarily dismiss it, or any portion of it, by filing a signed document entitled "Notice of Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).**

DATE: September 2, 2020

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.

---

[5]      To state an Eighth Amendment "failure to protect" claim, a plaintiff must present factual allegations that support a plausible inference that:  (1) she was "incarcerated under conditions posing a substantial risk of serious harm"; and (2) the defendant prison official acted with deliberate indifference to the plaintiff's health or safety.  *Farmer,* 511 U.S. at 834.

10