1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**JAMES LEROYE JEFFERSON,**                )      **NO. EDCV 20-1158 JVS (KS)**
                                                                      )
                 **Plaintiff,**                )
                                                                      )
          **v.**                                )      **REPORT AND RECOMMENDATION OF**
                                                                      )      **UNITED STATES MAGISTRATE JUDGE**
**C/O C. CABRAL, et al.**                        )
                                                                      )
             **Defendants.**                )
_____                )

      This Report and Recommendation is submitted to the Honorable James V. Selna, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California.  The undersigned recommends that the Court dismiss the action with prejudice for the failure to prosecute under Federal Rule of Civil procedure 41(b) and the failure to effect service.

## BACKGROUND

      On June 5, 2020, Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this civil rights suit against various California Department of Corrections and Rehabilitation ("CDCR") employees for sexual harassment, retaliatory acts, name-calling, and other verbal

abuse related to the fact that Plaintiff is transgender.  (Dkt. No. 1.)  On June 19, 2020, the Court dismissed the Complaint for failure to state a claim upon which relief could be granted and ordered Plaintiff to file a First Amended Complaint correcting the identified defects.  (Dkt. No. 8.)  On August 24, 2020, Plaintiff filed a First Amended Complaint (Dkt. No. 20), which the Court dismissed on September 2, 2020, again for the failure to state a claim.  (Dkt. No. 21.)  On September 29, 2020, Plaintiff filed a Second Amended Complaint (Dkt. No. 27) and, on October 21, 2020, Plaintiff filed a Supplement to the Second Amended Complaint (Dkt. Nos. 27, 30, 31).  On November 3, 2020, the Court issued a Report and Recommendation (the "Report") recommending that the action be dismissed with prejudice for the failure to state a claim.  (Dkt. No. 33.)  On March 9, 2021, Plaintiff filed a Third Amended Complaint.  (Dkt. No. 39.)  Finding that the Third Amended Complaint was slightly more cogent than prior versions, the Court, in the interests of justice, vacated the Report, dismissed the Third Amended Complaint for failure to state a claim, and ordered Plaintiff to file a Fourth Amended Complaint correcting the defects identified by the Court.  (Dkt. No. 40.)  On May 6, 2021, Plaintiff filed a Fourth Amended Complaint.  (Dkt. No. 43.)  The Court then directed service on Defendants Cabriel and Locindo by the United States Marshal.  (Dkt. No. 46.)

On May 13, 2021, the same day the Court directed service on remaining Defendants Cabriel and Locindo, the Court in a separate order directed Plaintiff to complete two USM-285 forms, which the Court provided, submit the completed forms to the U.S. Marshal, and file copies of the completed USM-285 forms with the Court.  (Dkt. No. 44.)  The Court expressly warned Plaintiff that Plaintiff "must consistently and correctly spell the names of the two defendants on the USM-285 forms to ensure that service of process can be effected," and that:

[P]ursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the summons and the operative complaint must be served within 90 days of the date of this order.  Plaintiff's failure to timely comply with the Court's Orders regarding

the USM285 forms, failure to provide sufficient information to the U.S. Marshal to effect service, and/or failure to effect service of process within 90 days may result in a recommendation of dismissal.

(*Id.* at 2.)

On June 7, 2021, Plaintiff voluntarily dismissed Defendant Locindo from the lawsuit and requested an extension of time to locate Defendant Cabriel. (Dkt. No. 48.) Plaintiff also sought assistance from the Court in finding the correct address for Defendant Cabriel, as that defendant had ostensibly retired as a corrections officer. (*Id.*) The Court granted Plaintiff's request and extended the deadline to file the USM-285 forms to July 12, 2021. (Dkt. No. 49.) The Court also denied Plaintiff's request for assistance, expressly informing Plaintiff, with relevant legal citations, that she was "responsible for providing the Court with current addresses for all defendants so that service can be accomplished" and that "[n]either the U.S. Marshal nor the Court can assist Plaintiff in locating a defendant for service of process." (*Id.* at 2.) The Court advised Plaintiff to "direct her inquiries to the Litigation Coordinator at her facility," or, in the alternative, serve a subpoena on the CDCR seeking the disclosure of the address on file for retired officer Defendant Cabriel. The Court also informed Plaintiff that she would be responsible for all costs and fees of a subpoena and "the Court makes no assurances that the CDCR knows Defendant Cabriel's current residence." (*Id.*) Finally, the Court advised Plaintiff that she could file a second request for additional time if necessary. (*Id.*)

On July 9, 2021, Plaintiff requested an additional 30 days to serve Defendant Cabriel. (Dkt. No. 50.) Plaintiff also inquired as to why she would have to pay for a subpoena when she was proceeding *in forma pauperis*. (*Id.* at 3.) On July 13, 2021, the Court granted Plaintiff's request, again extending the deadline to file her USM-285 forms, this time to August

11, 2021.  (Dkt. No. 51.)  The Court also informed Plaintiff, with legal citations, that "[t]he *in forma pauperis* statute, 28 U.S.C. § 1915, does not permit a waiver of subpoena fees."  (*Id.*)

On July 28, 2021, Plaintiff requested new USM-285 forms on the ground that the prison law library had made an error in processing her original forms.  (Dkt. No. 52.)  The Court granted the request, ordered the Clerk to provide Plaintiff with new forms, and extended the deadline to file the completed forms to August 28, 2021.  (Dkt. No. 53.)

On August 9, 2021, the Clerk's Office received one USM-285 form from Plaintiff and forwarded the form along with documents for service to the U.S. Marshal Civil Division.  (Dkt. No. 54.)

On August 18, 2021, Plaintiff requested an additional 30 days to serve Defendant Cabriel and file the USM-285 forms on the grounds that Plaintiff had been placed in administrative segregation and then transferred to a different yard of the prison in retaliation for her lawsuit.  (Dkt. No. 55.)  On August 23, 2021, the Court denied Plaintiff's request as moot, finding that because Defendant Locindo had been dismissed from the lawsuit and only one defendant remained, the single USM-285 form submitted to the Clerk was likely sufficient.  The Court reminded Plaintiff of the August 28, 2021 deadline to file the completed USM-285 form on the docket.  (Dkt. No. 57.)

On August 23, 2021, Plaintiff filed another request for an extension of time to prepare, mail to the U.S. Marshal, and file the USM-285 form.  (Dkt. No. 58.)  Plaintiff cited the same issues as she did in her previous request (administrative segregation and transfer to a new yard of the prison).  Plaintiff also requested that the Court issue an order prohibiting CDCR Staff from tampering with her outgoing mail.  (*Id.*)  The Court again denied the request as moot, reiterating that the Clerk already received a USM-285 form from Plaintiff and forwarded the form along with documents for service to the U.S. Marshal.  (Dkt. No. 59.)

1    On September 17, 2021, Plaintiff requested the appointment of counsel, citing health

2 problems.  (Dkt. No. 60.)  The Court denied the request, in part because Plaintiff had filed

3 successful requests to proceed *in forma pauperis*, for extensions of time, and filed three

4 amended pleadings.  The Court also noted that Plaintiff had not demonstrated a high likelihood

5 of success on the merits because the case was still in the pre-service stage.  (Dkt. No. 61.)

6

7    On September 22, 2021, the docket indicates that the Clerk sent a USM-285 form for

8 Defendant Cabriel to the U.S. Marshal for service.  (Dkt. No. 62.)

9

10    On October 19, 2021, Plaintiff filed a motion to re-add Defendant Locindo to the

11 lawsuit based on allegedly new evidence.  (Dkt. No. 63.)  On October 25, 2021, the Court

12 denied the motion without prejudice to Plaintiff filing a proper motion that attached a fifth

13 amended complaint.  (Dkt. No. 64.)

14

15    On December 21, 2021, the U.S. Marshal filed a process receipt indicating that it was

16 unable to serve Defendant "Cabral"[1] because the correction officer had retired from the CDCR

17 and could not be located.  (Dkt. No. 65.)

18

19    On December 27, 2021, Plaintiff again requested the Court's assistance in locating

20 Defendant Cabriel.  (Dkt. No. 66.)  The Court denied the motion and reiterated that Plaintiff

21 was responsible for providing Defendant Cabriel's current address, and that the Court could

22 not provide assistance in locating Defendant Cabriel.  (Dkt. No. 67 at 2.)  The Court again set

23 forth in detail Plaintiff's options, i.e., to either direct her inquiries to the litigation coordinator

24 at her facility or serve a subpoena on the CDCR at her own expense.  The Court also discussed

25 a third option in which Plaintiff could submit a written question to the CDCR.  (*Id.*)  However,

26 in light of the considerable time that had passed without service being effected, the Court also

27

28

---

[1]  The U.S. Marshal and the CDCR have ambiguously referred to Defendant Cabriel as "Cabral."  (*See* Dkt. No. 65.)

ordered Plaintiff to show cause, no later than February 7, 2022, why the action should not be dismissed for the failure to prosecute and comply with Federal Rule of Civil Procedure 4(m). (*Id.*)  The Court enumerated two ways Plaintiff could discharge the Order to Show Cause ("OSC"): by submitting a new USM-285 form to the U.S. Marshal with Defendant Cabriel's current address or by filing a response to indicating that Plaintiff served a subpoena or written question to the CDCR.  (*Id.* at 3.)  Plaintiff was provided with a blank USM-285 form.  (*Id.*) The Court advised Plaintiff that the failure to timely and fully comply with the OSC may result in a recommendation of dismissal pursuant to Rule 4(m) and Local Rule 41-1 (dismissal for unreasonable delay).  (*Id.*)

On January 24, 2022, Plaintiff requested a 90-day extension "to process [Marshal] papers [and] show good cause." (Dkt. No. 69.)  In support for the motion, Plaintiff stated that she thought Defendant Cabriel had already been served, that plaintiff had been infected with COVID-19, was in isolation, and required more time to access the prison law library.  (*Id.* at 1-4.)  Plaintiff also discussed her efforts to locate Defendant Cabriel's address, including sending a request to the litigation coordinator.  (*Id.* at 2-4.)  On February 1, 2022, the Court granted a 60-day extension to effect service, to May 2, 2022.  (Dkt. No. 70 at 2.)  The Court expressly warned Plaintiff that the failure to effect service by May 2, 2022 "**will result in a recommendation of dismissal.**" (*Id.* (emphasis in original).)  The Court also granted a 21-day extension to discharge the OSC and again set forth Plaintiff's options for doing so, i.e., either by submitting a USM-285 form with Defendant Cabriel's current address or filing a response indicating that she served a subpoena or written question to the CDCR and attaching a copy of said request.  (*Id.* at 2-3.)

On February 7, 2022, Plaintiff filed a request for a 90-day extension of time to serve the CDCR with a subpoena.  (Dkt. No. 71.)  On February 10, 2022, the Court denied Plaintiff's request as moot because the Court had already granted an extension to May 2, 2022.  (Dkt.

No. 72.)  Additionally, the Court again reminded Plaintiff of the deadline to respond to the OSC and her options for discharging it.  (*Id.*)

On February 24, 2022, Plaintiff filed a response to the OSC indicating the steps she had taken to obtain a current address for Defendant Cabriel and indicating that she did not know how to proceed further.  (Dkt. No. 73.)  The Court discharged the OSC and reminded Plaintiff that she must serve Defendant Cabriel by May 2, 2022.  The Court also warned Plaintiff that her "failure to provide sufficient information to the United States Marshal to effect service, and/or failure to effect service of process by May 2, 2022, will result in a recommendation of dismissal."  (Dkt. No. 74.)

On May 2, 2022, Plaintiff filed a second response to the already-discharged OSC complaining that the litigation coordinator had not responded to her requests for Defendant Cabriel's address and asking the Court to help her serve a written subpoena to the prison.  (Dkt. No. 75.)

To date, Plaintiff has not submitted a proof of service indicating that Defendant Cabriel was served with a copy of the Fourth Amended Complaint.

The Court concludes that this action should be dismissed with prejudice for Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and effect service.

//
//
//
//
//
//

1

2

**DISCUSSION**

3

**I.      Dismissal for Failure to Prosecute**

4

5       Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the

6   authority to *sua sponte* dismiss actions for failure to prosecute.  *Link v. Wabash R. Co.*, 370

7   U.S. 626, 629-30 (1962).  In determining whether dismissal for lack of prosecution is proper,

8   a court must weigh several factors, including:  (1) the public's interest in expeditious resolution

9   of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants;

10   (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition

11   of cases on their merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v.*

12   *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

13

14       In this case, the first two factors – public interest in expeditious resolution of litigation

15   and the need to manage the Court's docket – weigh in favor of dismissal.  It has been nearly

16   two years since Plaintiff filed her original complaint, but she has yet to effect service on the

17   only remaining defendant despite repeated court orders notifying Plaintiff that she must do so,

18   and explaining *in great detail* how to perfect service.  (*See* Dkt. Nos. 44, 49, 51, 53, 67, 70,

19   72, 74.)  Plaintiff has been warned twice that her failure to file a proof of service that shows

20   Plaintiff served the summons and a copy of the Fourth Amended Complaint on Defendant

21   Cabriel *would* result in a recommendation of dismissal. (Dkt. Nos. 70, 74.)  Plaintiff's failure

22   to timely effect service, despite the Court's instructions and admonitions, hinders the Court's

23   ability to move this case toward disposition and indicates that Plaintiff is no closer to effecting

24   service today than she was in May 2021 when the Court ordered service of the Fourth

25   Amended Complaint.

26

27       Arguably, the third factor – prejudice to the defendants – does not counsel in favor of

28   dismissal because, presumably, Defendant Cabriel is unaware that an action has been filed.

8

However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967-68 (9th Cir. 1978).  As discussed above, it has been nearly two years since Plaintiff filed her original complaint and she has yet to effect service on the only remaining defendant.  The Court has issued multiple orders granting Plaintiff more time, giving her options and directions, and warning her about the failure to effect service in clear, bold language.  Under these circumstances, the Court finds the delay to be unreasonable, and presumes prejudice.  *Eisen*, 31 F.3d at 1452-53; *Moore*, 589 F.2d at 967-68.

The fourth factor – the availability of less drastic sanctions – ordinarily counsels against dismissal.  However, the Court has made numerous attempts to avoid outright dismissal by giving Plaintiff ample notice, the proper forms, and specific instructions for complying with Rule 4(m).  Plaintiff appears to have made no progress in locating or serving Defendant Cabriel.  Therefore, after months exploring meaningful alternatives to dismissal, the Court finds that they were not effective.  *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted). The Court therefore concludes that sanctions other than dismissal are no longer appropriate.

Only the fifth factor, the general policy favoring resolution of cases on the merits, potentially favors retention of this action on the Court's docket.  However, notwithstanding this policy, it is the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics.  *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  Here, the Court warned Plaintiff repeatedly that service had not been effectuated and gave clear instructions on how to proceed, but Plaintiff failed to serve Defendant Cabriel.  Instead, this case has languished on the Court's docket for two years without service effected on the Defendant.  In these circumstances, it

does not appear that the Court's retention of this action would increase the likelihood that the matter would be resolved on its merits.

## II. Dismissal for Failure to Complete Service

Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant with process within ninety days of filing a complaint. If a plaintiff fails to comply, the court, after notice to the plaintiff, and upon motion or on its own initiative, may dismiss the action. However, if the plaintiff shows good cause for a failure to effectuate service, the court may extend the time of service. *Muhammed v. Department of Treasury*, No. CV97–8137LGBCWX, 1998 WL 986245, at *4 (C.D. Cal. Nov. 17, 1998); *see also* FED. R. CIV. P. 4(m). "The 'good cause' exception to Rule 4(m) applies 'only in limited circumstances' and is not satisfied by 'inadvertent error or ignorance of the governing rules.'" *Dietzmann v. Baca*, No. CV 07-07374-GHK (MAN), 2009 WL 2898811, at *2 (C.D. Cal. Sept. 4, 2009) (quoting *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir.1992)), "Moreover, the fact that a plaintiff is *pro se* does not in itself constitute 'good cause' for his or her failure to effect service" within the required time frame. *Dietzmann*, 2009 WL 28988111, at *2 (citing *Systems Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)). The plaintiff bears the burden of establishing good cause. *Muhammed*, 1998 WL 986245 at *4.

Plaintiff's original deadline for effecting service was August 11, 2021, 90 days after the Court ordered service of the Fourth Amended Complaint. (Dkt. No. 44 at 2.) Despite the passage of approximately nine months, four extensions of time, and multiple minute orders expressly explaining Plaintiff's options in detail, Plaintiff has not filed a valid proof of service – nor is there other evidence that Defendant Cabriel has, in fact, been served. Further, any good cause Plaintiff showed for various delays is now moot. It appears that Plaintiff, like the U.S. Marshal, simply cannot locate Defendant Cabriel to effect service.

1    Despite the Court's instructions, invitations, and admonitions, Plaintiff does not appear
2    to have made any progress in perfecting service despite the considerably extended deadline to
3    do so.  Therefore, dismissal is also warranted under Rule 4(m).

4

5    **III.    Dismissal With Prejudice**

6

7    Federal Rule of Civil Procedure 41(b) provides that "[u]nless the dismissal order states
8    otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except
9    one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates
10   as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  Here, as discussed above, the Court
11   recommends dismissal of this action due to Plaintiff's complete failure over the course of a
12   two-year period to locate and serve the only remaining defendant in the case.  Plaintiff's failure
13   to prosecute does not fall into one of the exceptions quoted above, therefore, this dismissal
14   should operate as an adjudication on the merits "with prejudice to Plaintiff's refiling a new
15   action in federal court based on the same allegations."  *See Macey v. County of Los Angeles*,
16   No. CV 21-2286 DMG (PVC), 2022 WL 1446810, at *3-4 (C.D. Cal. Apr. 15, 2022) (dismissal
17   functioned as an adjudication on the merits with prejudice in the absence of any Rule 41(b)
18   exceptions) (*citing Stewart v. U.S. Bancorp.*, 297 F.3d 953, 956 (9th Cir. 2002).  Plaintiff will
19   have an opportunity to file Objections to this Report and Recommendation if she wishes to
20   challenge dismissal of her case.  *Id.* at *4.

21

22   //
23   //
24   //
25   //
26   //
27   //
28   //

11

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the District Judge issue an ORDER: (1) accepting this Report and Recommendation; and (2) directing that Judgment be entered dismissing this action with prejudice for lack of prosecution and the failure to complete service.

DATE: May 18, 2022

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.