ROB BONTA
Attorney General of California
DEBORAH B. WADLEIGH
Supervising Deputy Attorney General
COLIN A. SHAFF
Deputy Attorney General
State Bar No. 300301
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6039
  Fax:  (916) 761-3641
  E-mail:  Colin.Shaff@doj.ca.gov
*Attorneys for Defendant
C. Cabral*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| **JAMES L. JEFFERSON,**<br><br>                Plaintiff,<br><br>v.<br><br>**C/O CABRAL, et al.,**<br><br>                Defendants. | 5:20-cv-01158-JVS-KS<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOURTH AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Courtroom: 580, 5th Floor<br>Judge: The Honorable Karen L. Stevenson<br>Trial Date: None set<br>Action Filed: June 5, 2020 |

TO THE COURT, AND PLAINTIFF JAMES L. JEFFERSON, IN PRO PER:

PLEASE TAKE NOTICE that Defendant C. Cabral[1] will, and hereby does, move for an order dismissing the Fourth Amended Complaint. Defendant's motion for dismissal is brought under Federal Rule 12(b)(6), on the grounds that Plaintiff has failed to state a claim for a violation of her First, Eighth, or Fourteenth Amendment rights. Defendant bases this motion on this Notice, the attached

---

[1] Plaintiff also named "Food Manager Supervisor Todd Locindo," but this individual was voluntarily dismissed from this action. (ECF Nos. 48-49, 63-64.)

Memorandum of Points and Authorities, the pleadings in this case, and in consideration of such other matters as the Court may deem appropriate. Because Plaintiff is incarcerated and is representing herself in this matter, oral argument is not requested. (L.R. 7-15.)

Dated: November 4, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
DEBORAH B. WADLEIGH
Supervising Deputy Attorney General

*/s/ Colin Shaff*
COLIN A. SHAFF
Deputy Attorney General
*Attorneys for Defendant*
*C. Cabral*

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff James L. Jefferson is a transgender inmate, who is presently incarcerated at the California Institution for Men (CIM), located in Chino, California. (ECF No. 43, Fourth Amended Complaint (FAC) at 1.) Proceeding *pro se*, Plaintiff alleges claims under the Eighth and Fourteenth Amendments relating to the conduct of Defendant C. Cabral, a correctional officer employed at CIM. (*See* FAC at 3.) Plaintiff also may be alleging a claim for First Amendment retaliation. (*See* FAC at 9.)

Plaintiff's FAC should be dismissed because she alleges no facts sufficient to state any claim under the First, Eighth Fourteenth Amendments. In addition, Defendant is entitled to qualified immunity.

## SUMMARY OF ALLEGATIONS

Plaintiff's allegations are not entirely clear, but as best as can be deciphered, she contends that on an unspecified date in November, 2019, Defendant asked Plaintiff to be his girlfriend. (FAC at 6.) Plaintiff also alleges that on March 6, 2020, Defendant "addressed" her using certain derogatory terms that he "posted" at a location in the Facility A "chow." (*Id.*) However, Plaintiff also alleges that these terms were printed next to her name by an inmate, although she believes that the inmate acted in accord with Defendant, or that Defendant ordered the inmate to "post" the words. (*Id.*) Plaintiff alleges further that Defendant did not "address" her as transgender. (*Id.*) Plaintiff alleges that Defendant's actions violated her rights under the Eighth Amendment. (*Id.*)

Next, Plaintiff further alleges that Defendant once patted her down in the Facility "A" dining hall, and that this constituted an "illegal" body search. (*Id.*) Plaintiff also appears to suggest that Defendant "released" her medical records "all over Facility A" to have inmates "attack" and "tease" her. (*Id.*)

1

Plaintiff also alleges that Defendant "retaliated" against her, and that her First Amendment right to freedom of speech was violated because she "lives and talk[s] like a woman." (FAC at 9.) Plaintiff contends her Eighth and Fourteenth Amendment rights were violated when she was transferred to another yard because she filed a 602 against Defendant. (*Id.*)

Plaintiff seeks money damages for "three years of mental and emotional abuse." (FAC at 9.)

## STANDARD ON MOTION TO DISMISS

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where (1) the plaintiff has failed to state a cognizable legal theory, or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 12(b)(6) should be "read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" *Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013) (citation omitted).

In evaluating a Rule 12(b)(6) motion, the court accepts as true all material facts alleged in the complaint and interprets them in the light most favorable to the non-moving party. *Gant v. Cnty. of L.A.*, 772 F.3d 608, 614 (9th Cir. 2014). However, the court does not "assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). The complaint must contain more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The facts cannot be "merely consistent with" a defendant's liability or show only a "sheer possibility" of a defendant's liability; rather, the court must be able to "draw the reasonable inference that the defendant is liable for

2

the conduct alleged" *Id.* at 678. Moreover, a plaintiff must plead that each defendant, "through the official's own individual actions," caused a plaintiff to suffer a constitutional injury. *Id.* at 676; *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) (cautioning that a plaintiff must demonstrate that the defendant's actions were the "actionable cause" of some injury by establishing that the defendant was both the actual and proximate cause of the plaintiff's harm); *see also Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").

Finally, a plaintiff may affirmatively plead himself out of a claim by including facts contrary to his claims. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), opinion amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001).

## ARGUMENT

### I. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE EIGHTH AMENDMENT.

To state a claim for a violation of the Eighth Amendment, an inmate must show that a prison official showed "deliberate indifference" to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 835-40 (1994). Deliberate indifference is a "high legal standard," and a plaintiff fails to establish an Eighth Amendment violation based on negligent conduct or *de minimis* physical contact. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004); *Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992); *Farmer*, 511 U.S. at 835. Similarly, verbal harassment is generally insufficient to demonstrate a violation of the Eighth Amendment. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998), *citing Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Indeed, courts have concluded that "it is well settled within the Ninth Circuit that verbal harassment of a prisoner does not violate the Eighth

Amendment." *Harris v. Holguin*, No. CV 18-10382-DMG (DFM), 2019 WL 7987683, at *4 (C.D. Cal. Feb. 27, 2019). When seeking to hold a prison official individually liable for an attack by another prisoner, the plaintiff "must establish individual fault" and "set forth specific facts as to [the] individual defendant's deliberate indifference." *Leer*, 844 F.2d at 634. An officer is not liable under the Eighth Amendment for failing to prevent an injury when the officer has a "'mere suspicion that an attack will occur.'" *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).

Plaintiff alleges that Defendant either "posted" certain derogatory terms in the Facility A dining hall that referred to her, or that Defendant was in some way responsible for an inmate "posting" these terms. (FAC at 6.) Plaintiff further alleges that on one occasion, Defendant asked her to be his "girlfriend," and that he also did not "address" her as "transgender." (*Id.*) Although these statements may have been hurtful or insensitive, occasional harassing comments do not violate the Eighth Amendment. *See Keenan*, 83 F.3d at 1092; *Harris*, 2019 WL 7987683 at *4.

Further, since Plaintiff demands damages based on "years of mental and emotional abuse" but does not otherwise allege that she suffered any specific injury because of Defendant's actions, *see* FAC at 9, she has not alleged facts plausibly suggesting that she suffered anything more than *de minimis* disturbance, and so cannot state a claim under the Eighth Amendment. *See Keenan*, 83 F.3d at 1092 (concluding that verbal harassment which caused an inmate to be denied "peace of mind" did not violate the Eighth Amendment).

Next, to the extent that Plaintiff alleges that Defendant once conducted a clothed body "pat down" search, or that Defendant "released" her medical records, *see* FAC at 6, Plaintiff alleges no facts sufficient to plausibly suggest that these actions violated the Eighth Amendment. Plaintiff's allegations relating to the search do not suggest that Defendant used excessive force or that Defendant demonstrated deliberate indifference to some known risk of harm, and so the pat down cannot

4

1 constitute a violation of the Eighth Amendment. *See Farmer*, 511 U.S. at 837-38;
2 *Hudson*, 503 U.S. at 9-10 (concluding that the Eighth Amendment does not apply to
3 *de minimis* uses of physical force).

4     Finally, the FAC contains no facts suggesting that Plaintiff was exposed to a
5 specific risk of harm about which Defendant was aware because Plaintiff's medical
6 records were "released" to unidentified inmates on Facility A. Although Plaintiff
7 alleges that the records would lead inmates to "attack" or "tease" her, she does not
8 allege that she was ever at risk of physical attack from other inmates because of her
9 medical status, nor does she allege that Defendant was aware of any specific risk of
10 harm to which she was exposed. (*See* FAC at 6.) Plaintiff also does not allege that
11 she notified Defendant of her concerns or fears about attack and he failed to
12 respond. (*Id.*) Because Plaintiff not alleged facts sufficient to demonstrate that
13 Defendant was aware that Plaintiff was exposed to a specific risk of physical harm
14 from other inmates and that Defendant failed to respond to that risk, she cannot
15 state a claim under the Eighth Amendment. *Berg*, 794 F.2d at 459.

16     Because Plaintiff has not alleged facts plausibly suggesting that Defendant
17 ever used excessive force against her, nor that Defendant ever demonstrated
18 deliberate indifference to a known risk of harm to which she was exposed,
19 Plaintiff's claims under the Eighth Amendment should be dismissed. *See Farmer*,
20 511 U.S. at 835; *Berg*, 794 F.2d at 459; *Keenan*, 83 F.3d at 1092.

21 **II. PLAINTIFF ALLEGES NO FACTS SUFFICIENT TO STATE A CLAIM UNDER THE FOURTEENTH AMENDMENT.**
22

23     The Equal Protection clause of the Fourteenth Amendment requires that "no
24 State shall 'deny to any person within its jurisdiction the equal protection of the
25 laws,' which is essentially a direction that all persons similarly situated should be
26 treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439
27 (1985). To state a claim for violation of the Equal Protection clause, a plaintiff must
28 first identify the particular characteristic that motivated the discriminatory conduct,

5

so as to determine the appropriate level of judicial scrutiny, and must also identify a control group of people who are "similarly situated" as the plaintiff, except for the particular characteristic that led to the alleged classification. *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995), as amended on denial of reh'g and reh'g en banc (Dec. 29, 1995). A plaintiff must further demonstrate that the defendants "acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). Alternatively, a plaintiff may state a claim by establishing facts demonstrating that she or he was intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008) (noting that a "class of one" claim describes a situation wherein a defendant discriminates against a person because of some specific animus against her or him, and not because the plaintiff shares some characteristic with a particular group.)

"[V]erbal harassment, abuse, and threats, without more, are not sufficient to state a Fourteenth Amendment constitutional deprivation." *Zavala v. Barnik*, 545 F. Supp. 2d 1051, 1058 (C.D. Cal. 2008), *aff'd sub nom. Zavala v. Bartnik*, 348 F. App'x 211 (9th Cir. 2009). Verbal comments regarding a person's gender, gender identity, or sexual orientation cannot be a basis for an Equal Protection claim, even if the comments are hurtful or inappropriate. *See Harris*, 2019 WL 7987683, at *4; *see also Osborn v. Wishchuen*, No. CV 20-01155-PHX-MTL (JZB), 2020 WL 4697990, at *2, *4 (D. Ariz. Aug. 13, 2020) (finding that no defendant "acted with an intent or purpose to discriminate" against the plaintiff based on her transgender status when a correctional officer told the plaintiff to "take your shirt off let me see if you have boobs. This is a man's run!", and suggesting that the plaintiff was not "really transgender.")

In the FAC, Plaintiff fails to identify any "similarly situated" group that was treated differently from her, and so she cannot establish a claim. *See Freeman*, 68 F.3d at 1187. Moreover, Plaintiff's allegations suggest only that she was subjected to occasional or intermittent verbal harassment, which is insufficient to state a claim under the Fourteenth Amendment. *See Zavala*, 545 F. Supp. 2d at 1058; *Harris*, 2019 WL 7987683, at *4; *Osborn*, 2020 WL 4697990, at *2, *4. As such, Plaintiff's claim for violation of the Fourteenth Amendment should be dismissed.

### III. PLAINTIFF FAILS TO STATE A CLAIM FOR FIRST AMENDMENT RETALIATION.[2]

To state a claim for First Amendment retaliation, a plaintiff must allege five elements: (1) the plaintiff engaged in protected conduct; (2) the state actor took adverse action against the plaintiff; (3) a causal connection exists between the protected conduct and the adverse action; (4) the adverse action "would chill or silence a person of ordinary firmness from future First Amendment activities"; and (5) the retaliatory action did not advance a legitimate penological goal. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (internal quotation marks omitted).

To satisfy the causation prong, a plaintiff must allege facts sufficient to show that the protected conduct was the "'substantial' or 'motivating"' factor behind the alleged retaliation. *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (*quoting Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

In the FAC, Plaintiff alleges that she "filed with the Court and numerous 602s," that she "live[s] her live [sic] as a transgender woman," and that she was "punished" for filing a 602 administrative grievance against Defendant by being transferred to another yard. (FAC at 9.) Plaintiff does not allege any facts

---

[2] Plaintiff does not explicitly allege that Defendant retaliated against her for her exercise of her First Amendment rights. (*See* FAC at 3 (alleging that Defendant violated her "Eighth and Fourteenth constitutional rights.").) However, Plaintiff's claim for damages suggests that she is also alleging a claim for retaliation, and Defendant will address this claim since the factual allegations of *pro se* litigants should be construed "liberally." *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

1 suggesting that her protected conduct, which apparently includes multiple
2 administrative grievances and lawsuits over the course of some years, was the cause
3 of any specific adverse consequence, nor does she allege any facts plausibly
4 suggesting that her protected conduct caused Defendant to act. (*See* FAC at 1, 9.)
5 Similarly, Plaintiff does not allege any facts suggesting that Defendant was
6 personally responsible for her transfer to another yard, not does she allege how this
7 transfer constituted an "adverse action." (*See* FAC at 9.) As such, Plaintiff has not
8 alleged facts sufficient to state a claim for First Amendment retaliation, and this
9 claim should be dismissed.

## IV. DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY.

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The qualified immunity analysis considers two questions: first, whether a constitutional violation actually occurred and second, whether the law was "sufficiently clear" at the time of the events in question, so that every reasonable official would know "beyond debate" that the challenged conduct was unlawful. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (italics added.) Courts may consider these two questions in either order, and a favorable determination for the defendants on either establishes qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Plaintiff alleges that Defendant was responsible in some respect for certain derogatory or insulting words being "posted" in the Facility A dining hall, and that Defendant made comments that generally related to Plaintiff's gender or gender identity. (FAC at 6.) Plaintiff also alleges that Defendant once conducted a "pat down" search and "released" unspecified medical records. (*Id.*) However, these allegations do not plausibly describe any violation of Plaintiff's constitutional rights, and no controlling precedent would put every correctional officer on notice

8

1 | that such actions violated the Eighth or Fourteenth Amendments. For these reasons,
2 | the claims in the FAC should be dismissed. *al-Kidd*, 563 U.S. at 741; *Pearson*, 555
3 | U.S. at 236.

## CONCLUSION

Plaintiff's claims are vague and conclusory, and verge on incomprehensible. However, even construing her allegations with the required liberality, Plaintiff fails to allege any facts sufficient to state a claim. Plaintiff alleges no facts suggesting that Defendant demonstrated deliberate indifference to any risk of harm, nor that he personally used excessive force at any time, and as such, Plaintiff's Eighth Amendment claim should be dismissed. Likewise, Plaintiff alleges no facts suggesting that Defendant treated her differently than any other group, or that the verbal comments allegedly made by Defendant caused her any harm. Finally, Plaintiff fails to allege facts plausibly demonstrating that her protected conduct caused Defendant to take some adverse action. For these reasons, the claims alleged in the FAC should be dismissed.

Dated: November 4, 2022               Respectfully submitted,

                                                                    ROB BONTA
                                                                    Attorney General of California
                                                                    DEBORAH B. WADLEIGH
                                                                    Supervising Deputy Attorney General

                                                                    */s/ Colin Shaff*
                                                                    COLIN A. SHAFF
                                                                    Deputy Attorney General
                                                                    *Attorneys for Defendant*
                                                                    *C. Cabral*

LA2021306025

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **James L. Jefferson (P34202) v. C/O Cabral, et al.** | Case No. | **5:20-cv-01158-JVS-KS** |

I hereby certify that on <u>November 7, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF MOTION AND MOTION TO DISMISS FOURTH AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>November 7, 2022</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

James Jefferson, CDCR No. P-34202
California Institution for Men
14901 Central Avenue
Chino, CA 91710
In Pro Per

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 7, 2022</u>, at Los Angeles, California.

| | |
|---|---|
| R. Velasco | /s/ R. Velasco |
| Declarant | Signature |

LA2021306025
65551337.docx